**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES B. GARCIA,** | ) | |
| **ID # 0643986,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:14-CV-2291-L-BH** |
| | ) | |
| **SERGEANT C. KRIEGER, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for screening.  Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed June 24, 2014 (doc. 4).  Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

## I.  BACKGROUND

James B. Garcia (Plaintiff) filed this action against the defendants on June 24, 2014, and moved to proceed *in forma pauperis* (IFP).  By order dated June 25, 2014, he was advised that his IFP application did not provide enough information to decide whether IFP status was appropriate.  He was ordered to submit a properly signed Certificate of Inmate Trust Account within thirty days and specifically advised that failure to do so could result in dismissal of his case for failure to prosecute.  *Id.*  More than thirty days from the date of the order have passed, but Plaintiff has not filed the required certificate of trust account or anything else in this case.

## II.  IN FORMA PAUPERIS

The Prison Litigation Reform Act ("PLRA") requires that <u>all</u> prisoners who bring a civil action must pay the full filing fee, although the fee may be paid in installments where leave to

proceed *in forma pauperis* is granted.[1]  *See* 28 U.S.C. § 1915(b)(1). Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Because Plaintiff has not provided a certificate of trust account, he has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after prepayment of the required filing fee in this prisoner case.  His application to proceed *in forma pauperis* should therefore be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to comply with the June 25, 2014 order that he submit a properly signed certificate of trust account despite a warning that failure to do so could result in dismissal of the case.  Nor has he filed anything

---

[1]  As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.*  The $50 administrative fee will not be deducted. *Id.*

else.  Because he failed to follow a court order or otherwise show that he intends to proceed with his case, it should be dismissed under Rule 41(b) for failure to follow orders and/or prosecute.

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless Plaintiff pays the full filing fee or files his certificate of trust account within the time for objecting to this recommendation, or some other deadline set by the Court.

**SIGNED this 18th day of August, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE